UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

ELIZA FINKLEA                                                                                          PLAINTIFF

V.                                                                       CIVIL ACTION NO. 1:09CV22-LTS-RHW

NATIONAL SECURITY FIRE & CASUALTY COMPANY                                          DEFENDANT

## ORDER

This Court entered an [9] order on July 14, 2009, requiring Plaintiff to file a response to Defendant's pending [4] Motion to Dismiss for Insufficiency of Service of Process and establish good cause for the failure to serve the [1] Complaint and [2] Summons in the time allowed by Fed. R. Civ. P. 4(m). Plaintiff timely complied [10] with the Court's [9] order, and Defendant submitted its [13] reply in advance of the deadline imposed by the Court. Defendant's motion to dismiss is now ripe for a decision.

Plaintiff's [1] Complaint was filed on January 7, 2009. The docket indicates that [2] summons was issued on February 4. A special appearance [3] was made by Defendant's counsel on June 19, and was followed the same day by the Fed. R. Civ. P. 12(b)(5) dismissal motion based on Fed. R. Civ. P. 4(m).

Plaintiff's counsel offers virtually the identical arguments here as in *Nguyen, et al. v. X L Specialty Insurance Co.*, No. 1:09cv26. However, he does not see fit to cite this Court's order (docket entry [9]) in that case denying Defendant's motion to dismiss and allowing Plaintiff time to effect service of process properly.

The Court sees no reason to reach a different conclusion in the instant case than the one in *Nguyen*. *See also Brady v. National Security Fire & Casualty Co.*, No. 1:09cv24. Because of the specter of the statute of limitations and the relative lack of prejudice suffered by Defendant, dismissal at this date is too drastic to visit upon Plaintiff. The Court finds that Plaintiff should be given an opportunity to effect service as provided by law unless a waiver is obtained pursuant to Fed. R. Civ. P. 4(d). At the same time, it should be understood that it is not for the Court to instruct Plaintiff's counsel on the intricacies of service of process, and it should be emphasized that failure to properly serve Defendant in accordance with the law and within the time allowed by this order shall result in dismissal.

Accordingly, **IT IS ORDERED**:

Defendant's [4] Motion to Dismiss for Insufficiency of Service of Process is **DENIED**;

Plaintiff, within thirty (30) calendar days of the date of this order, shall serve the

summons and Complaint upon Defendant and otherwise effect service of process in the manner provided by law, unless Defendant waives service of summons;

Failure to comply with this order shall result in the dismissal (without prejudice) of this cause of action.

**SO ORDERED** this the 23rd day of July, 2009.

                                                       s./ L. T. Senter, Jr.
                                                       L. T. SENTER, JR.
                                                       SENIOR JUDGE